# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                  SUPERIOR COURT
                                              CIVIL ACTION NO.: 19-0919G

553 MAST ROAD, LLC            )
    Plaintiff                 )
                              )
v.                            )
                              )
                              )
UNITED NATIONAL INSURANCE COMPANY )
    Defendant                 )

### COMPLAINT AND JURY DEMAND

### PARTIES

1. Plaintiff, 553 Mast Road LLC is a New Hampshire corporation with a mailing address at 139 Front Street, Fall River, Massachusetts 02721, and with sufficient minimum contacts with the Commonwealth of Massachusetts to invoke the jurisdiction of this court.

2. Defendant, United National Insurance Company is a Pennsylvania corporation with a principal place of business at Three Bala Plaza East, Suite 300, Bala Cynwyd, Pennsylvania 19004, authorized to do business in the State of New Hampshire and the Commonwealth of Massachusetts with sufficient minimum contacts with the Commonwealth of Massachusetts to invoke the jurisdiction of this court.

### GENERAL ALLEGATIONS

1. At all times relevant and all times hereinafter mentioned, Plaintiff owned real property located at 553 Mast Road, Goffstown, New Hampshire 03045 ("the Property").

2. At all times relevant and all times hereinafter mentioned, Defendant insured the Property with Policy NO. MP1134842 ("the Policy").

3. The Policy was purchased in the Commonwealth of Massachusetts.

4. On or about January 5, 2018, a pipe froze and failed at the Property resulting in water damage to the Property ("the Loss").

5. Prior to the loss, the area experienced below-freezing temperatures with average temperatures dropping as low as approximately -10 degrees Fahrenheit.

6. Plaintiff filed a claim with Defendant under the Policy for the Loss.

7. The Policy affords coverage for the Loss.

8. The Policy contains an endorsement stating that "As a condition of this insurance you are required to maintain heat in a level sufficient in building and other structures covered by this policy to prevent freezing of plumbing, heating, air condition and fire protection systems."

9. At all times relevant and all times hereinafter mentioned, Plaintiff maintained heat at the Property at a level sufficient.

10. On or about March 8, 2018 and April 27, 2018, Defendant wrongfully disclaimed coverage for the Loss on the incorrect ground that "there was no evidence sufficient heat was maintained where the freeze-up took place."

11. Plaintiff provided Defendant documentation evidencing that it maintained heat at the Property a level sufficient at and around the time of the Loss.

12. Defendant refused to provide coverage under the Policy for the Loss.

## COUNT I – BREACH OF CONTRACT

13. Plaintiff repeats, re-alleges, and incorporates by reference the preceding Paragraphs as if expressly re-written and set forth herein.

14. Plaintiff and Defendant entered into a contract, the Policy.

15. Plaintiff performed all obligations under the Policy and complied with all terms and conditions.

16. Plaintiff paid Defendant all premiums for the Policy.

17. Defendant owed Plaintiff a duty to provide coverage because the Policy affords coverage for the Loss.

18. Defendant breached the contract by refusing to provide coverage under the Policy for Loss.

19. As a direct and proximate result of Defendant's breach, Plaintiff sustained and continues to sustained Damages.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount that will adequately compensate Plaintiff for its losses, together with interest and costs.

## COUNT II – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEADLING

20. Plaintiff repeats, re-alleges, and incorporates by reference the preceding Paragraphs as if expressly re-written and set forth herein.

21. By means of the Policy, Defendant covenanted that it would act in good faith and fairly deal with Plaintiff.

22. Defendant breached the covenant by unreasonably failing to thoroughly investigate the Loss.

23. Defendant breached the covenant by unreasonably denying Plaintiff's claim.

24. Defendant breached the covenant by unreasonably refusing to issue payments to Plaintiff.

25. Defendant breached the covenant by unreasonably compelling Plaintiff to initiate litigation.

26. As a direct and proximate result of Defendant's breaches, Plaintiff sustained and continues to sustained Damages.

## DEMANDS FOR RELIEF

WHEREFORE, Plaintiff requests the Court:

1. Enter judgment against Defendant declaring that Defendant is legally and financially responsible for the damages that Plaintiff sustained and/or incurred;

2. Award Plaintiff compensatory damages against Defendant in an amount equal to the damage it has incurred and/or suffered;

3. Award Plaintiff its costs of suit, including attorneys' and expert witnesses' fees;

4. Award Plaintiff interest, including but not limited to pre-judgment interest; and

5. Fashion such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

DATED: March 13, 2019                **553 MAST ROAD, LLC**
                                     By its attorney,

                                     /s/ Timothy J. Duggan
                                     Timothy J. Duggan (BBO #545966)
                                     Duggan & Gianacoplos, LLC
                                     89 Access Road, Unit A
                                     Norwood, MA 02062
                                     T: (781) 762-0077
                                     E: tjd@dcclawyers.com

4

# Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1984CV00919G

553 Mast Road, LLC, PLAINTIFF(S),

v.

United National Insurance Company, DEFENDANT(S)

SUMMONS

THIS SUMMONS IS DIRECTED TO United National Insurance Company (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Suffolk County Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. How to Respond. To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, Suffolk Superior Court, 3 Pemberton Sq., Boston, MA 02108 (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Timothy Duggan, Esq., 89 Access Road, Unit A, Norwood, MA 02062

3. What to include in your response. An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "**Motion to Dismiss,**" if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4.  Legal Assistance. You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.
5.  Required information on all filings: The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on __April 23__, 20_19_.

_Michael Joseph Donovan_
Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on __April 29, 2019__, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

__By First Class Mail to United National Insurance Company at three Bala Plaza East, Suite 300, Bala Cynwyd, PA 19004__

Dated: __4/29/19__, 20___   Signature: _Stacy Siegan_
STACY SIEGAN

N.B.   TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX — BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

```
RECEIVED
APR 29 2019
DIVISION OF INSURANCE
LEGAL DIVISION
```